```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF MARYLAND
```

FRANCIS AKINRO                        *

          Plaintiff         *

  v.                                 *    CIVIL ACTION NO. L-10-1492

PARKING MANAGEMENT INCS.              *
MARYLAND STATE PERSONAL
 OFFICE,   et al.                     *

          Defendants        *

                  ***

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor," an Assistant Attorney General for the State of Maryland, and a U.S. Department of Justice employee, filed this 28 U.S.C. § 1331 action on June 8, 2010. His statement of facts alleges in toto that:

> "Defendants are from Nigeria and they have already conquered every state of Maryland building using it for their own business to make money to their poor land of Africa to established Ibo Kingdom called Republic of Biafra country.
>
> Their mission is to be selling human being as meat in every state building of Maryland and United States when they fully established their country. This is foreign invasion on the soil of the state of Maryland and the court must take immediate action to stopped Ibo tribe from Eastern Nigeria from establishing their kingdom in United States and from conquer the whole state of Maryland use the residents as part of their meat."

Docket No. 1 at 2. In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00, the cessation of parking collections from "peoples who come to state facilities to find job openings," and the imposition of life imprisonment and the death penalty on Parking Management Inc.'s officers and their conspirators based on "their aggravated circumstances." Id. at 3.

Although Plaintiff's indigency application contains information the Court finds questionable, he shall be granted leave to proceed in forma pauperis.[1]  This Court may preliminarily review the Complaint allegations before service of process and dismiss them sua sponte if satisfied that the Complaint has no factual or legal basis.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992); Cochran v. Morris, 73 F.3d 1310, 1314 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995).  As explained by the Supreme Court in Neitzke: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." Neitzke v. Williams, 490 U.S. at 328.

Even when affording the pro se Complaint a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation.  Plaintiff's Complaint is replete with fanciful comments and is nonsensical.  The action shall be summarily dismissed under 28 U.S.C. § 1915(e).  A separate Order follows.

June 11, 2010                                      /s/
                                                   _____
                                                   Benson Everett Legg
                                                   United States District Judge

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009 and the Office of the Maryland Attorney General since June of 2009; and has $200,000.00 accumulated at four separate banks.  Docket No. 2.